UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| REYMUNDO LEAL, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-2044-B |
| | § | |
| LUXOTTICA RETAIL NORTH | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendant Luxottica Retail North America, Inc.'s ("Luxottica") Amended Motion to Dismiss Arbitration Demand (doc. 5), filed December 3, 2010.

## I.

## BACKGROUND

Plaintiff Reymundo Leal filed this wrongful termination action in state court on September 1, 2010. (Pl.'s Original Pet. 1.) Shortly after being served with the suit, Luxottica sent Leal a letter notifying him of the arbitration clause in his contract and requesting that Leal dismiss the suit voluntarily. (Def.'s Br. Mot. Dismiss Arbitration 2.) Leal failed to respond to the arbitration offer. (*Id.*)

Luxottica removed the action to this Court on October 8, 2010 and filed a Motion for Judgment on the Pleadings (doc. 3) on October 21, 2010. (Def.'s Notice of Removal 1.) On November 1, 2010 Leal filed an arbitration demand with the American Arbitration Association.(Def.'s Br. Mot. Dismiss Arbitration 2.) Luxottica filed its Motion to Dismiss the

Arbitration Demand on December 3, 2010. (Def.'s Mot. Dismiss Arbitration 1.) Leal failed to timely respond to either of Luxottica's Motions, and a hearing was held on the matter on January 18, 2011. At the hearing, Leal argued that no response was necessary because he intended to pursue arbitration. Following the hearing, the Court ordered Leal to respond to the Motions (doc. 9). Leal's Response to Defendant's Motion to Dismiss Cause and Arbitration (doc. 10) consists of four sentences vaguely repeating Leal's arbitration demand, and offers no response to Luxottica's Motion for Judgment on the Pleadings.

## II.

## LEGAL STANDARDS

Although the right to arbitration is subject to waiver, waiver of the right to arbitration is disfavored. *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) citing *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986). Where the "party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party," the right to arbitration is waived. *Miller*, 781 F.2d at 496-97. The Fifth Circuit held that "filing suit without asserting an arbitration clause constitutes substantial invocation of the judicial process." *Nicholas*, 565 F.3d at 908. Litigating claims in court and "then reversing course and attempting to arbitrate those claims" is considered a waiver of arbitration rights. *Nicholas*, 565 F.3d at 907 citing *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002).

## III.

## ANALYSIS

It is undisputed that Leal filed suit without asserting the arbitration clause. (Def.'s Br. Mot. Dismiss Arbitration 2.) Leal refused Luxottica's early offer to arbitrate the dispute, and instead

waited until after the action was removed to this Court to file an arbitration demand. (*Id.* at 4.) While Luxottica expended time and resources defending this action in state and federal court, Leal simply waited to determine whether his action would be best brought in arbitration. Allowing Leal to invoke arbitration at this stage of the proceedings is precisely the kind of "delay, expense, and damage" constituting prejudice. *Nicholas*, 565 F.3d at 910. Because Luxottica has shown that Leal substantially invoked the judicial process, and that Luxottica was prejudiced by Leal's delayed attempt to arbitrate the dispute, the Court **GRANTS** Luxottica's Motion to Dismiss Arbitration Demand.

## IV.

## CONCLUSION

For the reasons stated above, the Court finds Leal has waived his right to arbitration. It is therefore **ORDERED, ADJUDGED,** and **DECREED** that Leal's Arbitration Demand be **DISMISSED.** The Court will address Luxottica's Motion for Judgment on the Pleadings in a separate order.

SO ORDERED.

SIGNED March 10, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE